HONORABLE KAREN A. OVERSTREET

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

MELISSA M. ADINOLFI,

    Debtor.

Case No.: 09-11402-KAO

DEBTOR'S RESPONSE TO MOTION TO DISMISS

**RESPONSE**

COMES NOW, Debtor Melissa M. Adinolfi, to oppose the Trustee's Motion to Dismiss.

**FACTS**

Ms. Adinolfi got into this bankruptcy case in order to save her home from foreclosure. The Court should understand the reasons for the problems with Ms. Adinolfi's loan. Her mother, Laura Christenson, purchased the property in 1996 by putting down a large down payment and obtaining a loan. The real property, located at 14607 81st Avenue NE, Arlington, WA ("Property") consists of 10 acres and Ms. Christenson lived in a double-wide trailer on the Property. During the years that she owned the Property, Ms. Christenson built a small house on the Property in 2004, in which the Debtor now resides. *See,* Declaration of Melissa Adinolfi ("Adinolfi Dec."). In order to pay for the build of the house, Ms. Christenson needed to obtain a

DEBTOR'S RESPONSE TO MOTION TO
DISMISS -1

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

loan, secured by the residence. Ms. Christenson had trouble obtaining the new loan and as a result, Ms. Christenson had her then husband, Donald Christenson, and her daughter Melissa, the Debtor herein, become the signers on the mortgage loan. Unbeknownst to Ms. Christenson and Ms. Adinolfi at the time, Mr. Christenson had obtained a second mortgage loan using the Property as collateral prior to obtaining the new loan at Ms. Christenson's request. Funds from the new loan, with Fidelity Mortgage, were used to pay that debt in full. The funds from the Fidelity Mortgage loan were also used to pay off the existing first mortgage and to fund the build of the Debtor's home. *Id.*

Since the entry into that mortgage loan on June 15, 2006, Ms. Christenson severed her relationship with Mr. Christenson and even though his name is on the loan, he has refused to make payments or have anything to do with efforts to try to modify the loan. Adinolfi Dec., ¶3. Mr. Christenson did quitclaim his interest in the Property to Ms. Christenson. *Id.* Ms. Christenson cannot refinance the loan because she has become disabled and cannot qualify; however, it is her disability income and sales of her personal belongings that have been used to make the mortgage payments to date. *Id.* Ms. Adinolfi lost her job shortly after filing this bankruptcy and has been collecting unemployment benefits, and using those funds to contribute to household expenses for herself and her mother, who resides at the trailer on the Property. *Id.*

Prior to filing this bankruptcy case, the Debtor and her mother sought attorney representation in trying to negotiate a loan modification in order to save the Property. Adinolfi Dec., ¶4. The Debtor retained Attorney Janyce Fink and Ms. Fink undertook numerous actions in an effort at resolving the issues relating to the loan, including the filing of a lawsuit in Snohomish County Superior Court, which was removed to the United States District Court. Ms.

DEBTOR'S RESPONSE TO MOTION TO
DISMISS -2

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

Christenson paid Ms. Fink several thousand dollars in connection with these efforts. *Id.* Ms. Huelsman has reviewed the lawsuit filed by Ms. Fink and does not believe that the issues relating to the loan problems were framed or stated properly, as there were allegations that the lender should have known that Mr. Christenson was not living at the residence. *See,* Declaration of Melissa A. Huelsman filed concurrently herewith ("Huelsman Dec."). Shortly after the case was removed, Ms. Fink stipulated to its dismissal without prejudice. *Id.*

The loan was originally made by Fidelity Mortgage, as indicated on the Deed of Trust attached to the Proof of Claim filed in the Debtor's case by Ocwen Loan Servicing ("Ocwen"). *See,* Proof of Claim No. 1. Fidelity Mortgage is identified on the Deed of Trust as the "Lender", but MERS is listed as the Beneficiary. On the Proof of Claim, Ocwen identifies itself as the loan servicer and that the owner of the loan is "HSBC Bank U.S.A., N.A., as Indenture Trustee for the registered Noteholders of Renaissance Home Equity Loan Trust 2006-3". This information is consistent with the representations made about ownership of the loan in the United States District Court. *See,* Huelsman Dec., ¶5.

Prior to Ms. Adinolfi's bankruptcy filing, a foreclosure sale was initiated because of a delinquency on the mortgage payments. Ms. Adinolfi and Ms. Christenson had struggled to make the payments and had been trying for months to arrange for a loan modification, but to no avail as Ocwen kept insisting that Mr. Christenson be a party to any loan modification agreement, and he refused to participate. Adinolfi Dec. The Debtor and her mother tried to get Ocwen to agree to transfer liability for the loan to Ms. Christenson and out of Mr. Christenson's name, but it refused to do so, in spite of the fact that Ms. Christenson had been the only one making the mortgage payments on the loan. This was also in spite of the fact that Ocwen was

DEBTOR'S RESPONSE TO MOTION TO
DISMISS -3

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

sending monthly statements directed to Ms. Christenson.  *Id.*  In order to commence the foreclosure, an Assignment of Deed of Trust was purportedly signed by a Vice President of MERS, Scott Anderson, in Palm Beach County, Florida, Ocwen's location.  A true and correct copy of the Assignment of Deed of Trust is attached to the Huelsman Dec., as Exhibit "A".  However, information available from the internet confirms that Scott Anderson is Senior Vice President, Residential Assets for Ocwen.  Huelsman Dec., ¶6.  The Assignment was signed on May 10, 2007 and recorded in the records of Snohomish County, Washington on May 25, 2007.  The Assignment indicated that MERS, acting for Fidelity Mortgage, was assigning its interest in the Deed of Trust to the HSBC Trust.

On the same day, May 10, 2007, another Ocwen employee Joseph Hillery, Director of REO, purporting to act on behalf of the HSBC Trust, signed the Appointment of Successor Trustee document appointing a new trustee under the Deed of Trust.  This document was also recorded in the records of Snohomish County, Washington on May 25, 2007.  A true and correct copy of the Appointment document is attached to Ms. Huelsman's Declaration as Exhibit "B".

Ms. Fink referred Ms. Adinolfi to an attorney to file a bankruptcy petition on her behalf.  Ms. Adinolfi filed this bankruptcy and her attorney prepared a Chapter 13 Plan which proposed to make the regular monthly payments to Ocwen and to pay the arrears, but it did not address the larger issues related to the loan nor any of the problems with the application of the payments to the loan, which Ms. Adinolfi was also disputing.  Among the problems with the payment demands being made by Ocwen was the amounts listed for property taxes.  As noted in the Declaration of Laura Christenson (Dkt. No. __) filed previously with the Court, she received a reduction in her property taxes due to her disability.  Nevertheless, Ocwen continues to insist

DEBTOR'S RESPONSE TO MOTION TO
DISMISS -4

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

upon escrow payments based upon the larger tax amounts.  In addition, there are significant questions about the application of payments made by the Chapter 13 Trustee to Ocwen and its treatment of those payments.  The Debtor needs to resolve those issues in order to have an accurate reporting of the mortgage payments.

    Ms. Adinolfi is currently receiving unemployment benefits and is trying to find a job. She is also scheduled to be married in the near future and her soon-to-be husband will be moving into the residence and contributing to household expenses.  Adinolfi Dec.  Her mother is continuing to contribute to the amounts paid to the trustee and the family is desperately trying to save the property, including the significant equity therein (Debtor listed $75,000 in equity on her schedules for her one-half interest in the Property.)

    The Debtor realizes that she is delinquent in her Plan payments, but she believes that she will be able to get current, and determine the actual arrears owed to Ocwen.  She is simply asking this Court for more time to accomplish this.  She has been making payments, just not enough to remain current with the Trustee.

DATED this 18th day of August, 2010.

                            LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

                            ____Melissa A. Huelsman_____
                            Melissa A. Huelsman, WSBA No. 30935
                            Attorney for Debtor

DEBTOR'S RESPONSE TO MOTION TO DISMISS -5

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115